United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 05-30332

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON PAUL SEVERIN,

Defendant-Appellant.

———————————————————————

Appeal from the United States District Court for the
Eastern District of Louisiana
(04-CR-81)

———————————————————————

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jason Paul Severin challenges his sentence of 90 months imprisonment for his participation in a multi-defendant conspiracy to distribute ecstasy, and his concurrent sentence of 48 months for using a telephone in commission of a drug offense. We vacate in part and affirm in part.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Severin pleaded guilty to two counts of a multi-count, multi-defendant indictment: (count one) conspiring to possess with the intent to distribute MDMA[1], MDA, and marijuana, and (count seven) using a communications facility in furtherance of a drug trafficking offense.  Severin also signed a lengthy factual basis.

The probation officer prepared a pre-sentence report (PSR) assigning Severin a base offense level of 28 based on the finding that his offense involved 500 tablets of MDMA and MDA — the equivalent of 625 kilograms of marijuana.  The PSR recommended increasing Severin's offense level two levels based on his possession of a firearm during the commission of the offense, and decreasing it three levels for his acceptance of responsibility, resulting in a total offense level of 27.  Combined with his criminal history category of III, that offense level produced a recommended sentencing guidelines range of 87 to 108 months of imprisonment as to count one, and a 48-month term as to count seven.

## II. <u>STANDARD OF REVIEW</u>

We do not afford deference to the district court in the review of mathematical error in a sentencing guideline calculation.  *Koon v. United States*, 518 U.S. 81, 98 (1996).  Therefore, we would

---

[1]"MDMA" refers to 3, 4 methylenedioxymethylamphetamine HCl. "MDA" refers to 3, 4 methylenedioxyamphetamine HCl.  The drugs are more commonly known as ecstasy.

ordinarily review Severin's first claim of guideline application error *de novo*. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Because Severin failed to object to the guideline application in the district court, however, we review his claim for plain error only. *United States v. Rodriguez*, 15 F.3d 408, 414–15 (5th Cir. 1994).

Severin's other claims concern factual findings during sentencing. We normally review a court's factual findings during sentencing for clear error, unless the defendant fails to object, in which case the standard of review is plain error. *See United States v. Salado*, 339 F.3d 285, 294 (5th Cir. 2003)(citing *United States v. Cabral-Castillo*, 35 F.3d 182, 189 (5th Cir. 1994); *Rodriguez*, 15 F.3d at 414–15; *see also United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005) (stating that if party fails to timely raise issue in district court, we generally "will review it for plain error unless the party made its position clear to the district court and to have objected would have been futile").

Severin contends that he objected to the firearm enhancement during sentencing when he personally testified that he used the rifle only for squirrel hunting, thereby making the district court aware of the issue. However, an imprecise objection such as Severin's, which offered no legal basis as to why the clarification was relevant, is insufficient to preserve the claimed error for review. *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir.

1995). Rule 51 of the Federal Rules of Criminal Procedure requires a party opposing district court action to preserve a claim of error by informing the court of "the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). Severin's statements to the court merely sought to clarify what sort of gun the rifle was.

Similarly, Severin did not object to the district court's criminal history calculation. The district court acknowledged that Severin's probation was not being revoked because the state probation officer believed that his participation in the conspiracy occurred prior to the commencement of his state probation. It does not follow, however, that the court was therefore on notice of any objection by Severin to the enhancement. Severin objected to neither the weapon enhancement nor the criminal history calculation, and there is no indication that an objection would have been futile. We therefore review both issues for plain error.

Under plain error review, Severin must show (1) that an error occurred, (2) that the error was plain, which means "clear" or "obvious," and (3) that the error affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631–32 (2002). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 631 (internal quotations and

4

citations omitted).

## III. <u>DISCUSSION</u>

A.  The Drug Quantity Calculation

Severin admitted in the factual basis that his offense involved 500 pills of MDA and MDMA, which according to the drug equivalency table is the equivalent of 62.5 kilograms of marijuana, and produces a base offense level of 22.  The PSR erroneously indicated, however, that Severin's 500 pills were the equivalent of 625 kilograms of marijuana, resulting in a base level of 28.  After considering the other sentencing adjustments, the sentencing range for Severin should have been 46 to 57 months of imprisonment as to count one, and 46 to 48 months imprisonment as to count seven.  *See* U.S.S.G. Ch. 5, Pt. A., Sentencing Table.  Instead, because of the calculation error, Severin's sentencing range was 87–108 months as to count one, and 48 months as to count seven.  He was sentenced, within that range, to 90 months and 48 months respectively.

The government concedes that Severin's sentence should be remanded to correct the mathematical error.  Indeed, the error occurred, was obvious, and affected both Severin's substantial rights as well as the fairness of the judicial proceedings.  We therefore exercise our discretion and vacate and remand as to the calculation error.

B.  The Firearm Enhancement

The sentencing guidelines provide that a defendant's sentence

5

should be increased by two levels whenever, in a crime involving the manufacture, import, export, trafficking, or possession of drugs, the defendant possessed a dangerous weapon. *See* § 2D1.1(b)(1); *United States v. Gaytan*, 74 F.3d 545, 559 (5th Cir. 1996). In order to apply this enhancement, "[t]he government has the burden of proof . . . of showing by a preponderance of the evidence 'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001)(quoting *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998)). "Under this standard, the government must show that 'the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" *Id.* (quoting *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993)). A defendant's simple possession of a firearm at a point in time during which a conspiracy is in progress is not sufficient to apply the enhancement. *Id.* at 246.

The PSR adopted by the district court indicated that federal agents seized a total of five firearms from three individuals, including the seizure of a .22 caliber rifle from Severin. The district court properly adopted the facts contained in the PSR without further review, given that there was an adequate evidentiary basis and the defendant failed to present rebuttal evidence. *See id.* at 239. Nevertheless, the facts in the PSR do

6

not establish that Severin possessed a firearm within the contemplation of § 2D1.1(b)(1).

Severin's attorney acknowledged during the sentencing hearing that the rifle was found in Severin's home, but nothing in the PSR, factual basis, indictment, or hearing testimony suggested that drugs were stored in the home or that drug transactions took place there. Rather than establishing the requisite temporal and spatial relation between Severin's rifle and the drug activity, the district court relied on Severin's admission that the rifle was "available" to him during the conspiracy had he needed it. Availability, however, does not constitute both temporal and spatial relation. A gun may be "available" because of temporal proximity, even in the absence of spatial proximity, but temporal proximity alone is not sufficient for the application of § 2D1.1(b)(1). *See Cooper*, 274 F.3d at 246 (reversing for lack of spatial proximity). While additional facts might exist that would establish temporal and spatial relation, those facts were not made available to the district court. Rather, given Severin's claims that the rifle was for hunting squirrels, the established facts of this case are more similar to the guidelines' example of firearm possession that would not support an enhancement: "an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1 n.3.

The government argues that even if no temporal or spatial relation existed between Severin's rifle and the drug conspiracy, Severin can be held accountable for the firearms that were seized

7

from his co-conspirators. The government is correct that "one co-conspirator may ordinarily be assessed a § 2D1.1(b)(1) increase in view of another co-conspirator's possession of a firearm during the drug conspiracy so long as use of the weapon was reasonably foreseeable." *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993) (citation omitted). The district court did not apply the enhancement on the basis of the co-conspirators, however, and thus made no findings as to foreseeability. Furthermore, without additional evidence, an enhancement based on the co-conspirators' firearm possession succumbs to the same lack of temporal and spatial relation as the enhancement based on Severin's rifle. The record does not indicate where the co-conspirators' weapons were found and does not establish that they were found in the same location where drugs or drug paraphernalia was stored, or where part of the transaction occurred.

For the foregoing reasons, Severin satisfies the first two elements of plain error review — error occurred, and it was obvious under this Court's precedent. As a result of the two-level enhancement, the district court sentenced Severin to a 90-month term of imprisonment, exceeding the 70-87 month guideline range for Severin's sentence in the absence of the enhancement. By virtue of that sentencing disparity, the error affected Severin's substantial rights and also affected the fairness, integrity, or public reputation of the judicial proceedings. The district court plainly erred. However, inasmuch as no objection was made, upon

8

resentencing, the district court may consider any additional evidence adduced by the parties bearing on the firearm issue. We therefore vacate and remand as to the firearm enhancement.

C. The Criminal History Enhancement

Section 4A1.1(d) of the sentencing guidelines provides that the district court shall add two points to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ." We have previously held that the § 4A1.1(d) enhancement "is appropriate where a continuing offense begins before the offense for which the defendant is under a criminal justice sentence because a continuing offense, by its very nature, does not terminate until the date of the indictment or the voluntary termination of the illegal activity." *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996) (internal quotation marks and citations omitted). Conspiracy is a continuing offense. *See, e.g., United States v. Bermea*, 30 F.3d 1539, 1577 (5th Cir. 1994).

Severin pleaded guilty to charges that he conspired to possess with intent to distribute MDA and MDMA from prior to January 2003 until the indictment was issued on August 6, 2004. Furthermore, there is no evidence suggesting that Severin withdrew from the conspiracy at any time before the indictment was issued. Severin's state probation began on March 11, 2004, and he thus committed the conspiracy offense while on probation. The district court did not

9

err by adding two criminal history points under § 4A1.1(d), and we affirm.

## IV. CONCLUSION

For the foregoing reasons, we VACATE Severin's sentence as to the drug quantity calculation and firearm enhancement, AFFIRM as to the criminal history enhancement, and REMAND for resentencing.