# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-40546
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MANUEL CARRIZALES-JARAMILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-14-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Carrizales-Jaramillo ("Carrizales") pleaded guilty to unlawfully attempting to enter the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. § 1326(a), (b). The district court adopted the presentence report's guidelines calculations, which indicated that Carrizales' offense level of 13, coupled with his criminal history category of V, resulted in an advisory guidelines range of 30 to 37 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court sentenced Carrizales to 31 months of imprisonment, near the low end of the advisory guidelines range of 30 to 37 months of imprisonment.

Carrizales argues that the district court plainly erred in its calculation of his criminal history points, because the district court improperly assigned two points to a term of imprisonment of 180 days that was imposed in December 1996 in connection with a Texas conviction of cocaine possession. He argues that under U.S.S.G. § 4A1.2(e)(1)-(3) (2007), because the December 1996 term of imprisonment was imposed more than 10 years prior to the instant offense, no criminal history points should have been assigned for this offense. The Government agrees with Carrizales' argument that the district court committed plain error and that resentencing is required.

This court reviews a sentencing decision for "reasonableness," applying the abuse-of-discretion standard. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). This review includes an assessment of whether the district court improperly calculated the guidelines range. Id. As Carrizales did not raise this argument in the district court, review is for plain error. See United States v. Price, 516 F.3d 285, 286-87 (5th Cir. 2008). To show plain error, Carrizales must show an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Carrizales correctly asserts that the district court's assessment of his criminal history points included two points for his December 1996 Texas conviction of possession of cocaine. As Carrizales committed the instant offense approximately 11 years after the 180-day sentence was imposed in December 1996, the district court committed clear or obvious error by including two criminal history points for this conviction. See § 4A.1.1(a), (b) and comment. (n.2); § 4A1.2(e)(2). Subtraction of two of Carrizales' criminal history points from

his score of 11 points results in a total of nine criminal history points, which establishes a criminal history category of IV, rather than category V, which the district court used. See U.S.S.G., Ch. 5, Sentencing Table. The combination of criminal history category IV and Carrizales' offense level of 13 results in a guidelines imprisonment range of 24 to 30 months, less than the 30 to 37 month range adopted by the district court.

While there is a one month overlap in the two sentencing ranges, Carrizales' sentence of 31 months exceeds the top of the properly calculated guidelines range of 24 to 30 months of imprisonment. Unlike in United States v. Bonilla, 524 F.3d 647, 656 (5th Cir. 2008), petition for cert. filed (Oct. 3, 2008) (No. 08-6668), the district court in Carrizales' case did not indicate that it would have imposed the same sentence as an alternative sentence. Also, the district court did not express an intent to go outside of the guidelines range. Carrizales has thus shown a reasonable probability that, but for the misapplication of the Guidelines, he would have received a lesser sentence. He has therefore established that his substantial rights were violated. See Price, 516 F.3d at 289. Moreover, the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Price, 516 F.3d at 289-90 and n.28; United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005).

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.