# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2010

No. 09-40099

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASEY EDWARD LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1454-ALL

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

For Casey Edward Lee's challenge to his sentence, primarily at issue is whether the district court committed reversible plain error in determining Lee's criminal-history category under the advisory Sentencing Guidelines when, relying on the presentence investigation report (PSR), it assessed separate criminal-history points for each of his three most-recent convictions. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In August 2008, Lee was arrested at a United States Border Patrol checkpoint near Laredo, Texas, when an undocumented alien was found in the trunk of the automobile Lee was driving. Lee pleaded guilty to unlawfully transporting an undocumented alien within the United States for financial gain. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i).

The PSR recommended a base offense level of 18, including an enhancement for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person". *See* U.S.S.G. § 2L1.1(b)(6) (2008) (increasing any offense involving such reckless endangerment to 18). The PSR also recommended a three-level reduction for timely acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) (providing two-level reduction for acceptance of responsibility); U.S.S.G. § 3E1.1(b) (providing additional one-level reduction for *timely* acceptance of responsibility, contingent upon Government's motion requesting it). The Government, however, did *not* make the requisite request for the greater, three-level reduction.

For Lee's criminal history, the PSR provided, *inter alia*, the following information regarding five prior convictions, resulting in ten criminal-history points: felony theft ("date of arrest" 1/4/02, "date sentence imposed" 7/21/03, two points); misdemeanor theft ("date of arrest" 2/8/02, "date sentence imposed" 7/24/03, one point); forgery of a financial instrument ("date of arrest" 9/23/03, "date sentence imposed" 2/11/05, two points); forgery of a financial instrument ("date of arrest" 12/5/03, "date sentence imposed" 2/11/05, two points); and burglary of a habitation with intent to commit theft ("date of arrest" 4/15/04, "date sentence imposed" 2/11/05, three points). Lee received three additional criminal-history points because he committed the last offense (burglary) while on parole for a prior offense and within two years of his release. *See* U.S.S.G. § 4A1.1(d), (e). Based on this total of 13 criminal-history points, the PSR placed Lee in criminal-history-category VI.

2

Lee filed written objections to the PSR, challenging the reckless-endangerment enhancement and requesting a sentence below the advisory guidelines range. He asserted the guidelines range provided an unreasonable sentence because ten of his criminal-history points were attributable to "three cases in which he was sentenced on the same day" (11 February 2005), but he did *not* object to the calculation of his criminal-history points.

In testifying at sentencing, Lee discussed his criminal history and the harm it caused his family, explaining he was tempted to steal after incurring debt helping his father buy medication. He apologized and stated he was "very remorseful". The district court responded: "In looking at your PSR, you're a thief". It also noted that Lee's stealing was a burden on the family he claimed to be helping.

The district court granted the recommended two-level acceptance-of-responsibility reduction, resulting in an offense level of 16, and adopted the recommended criminal history of VI. Accordingly, the advisory guideline sentencing range was 46–57 months. After the Government requested a sentence in the lower half of that range, the district court imposed a 51-month sentence and explained its reasoning:

> *Looking at the presentence report and not listening to the defendant, considering all the facts that are just outlined on paper, a variance would be appropriate in this case, but it would be an upward variance.* It would not be a variance below as counsel has requested, because you need a sentence that is going to stop you in your tracks and cause you to re-think what you've been doing because you're not moving in the right direction. I do understand the problems that your family has had. And so far, you've added to those problems, and you're certainly doing that by being here today because you are going to have to serve a period of incarceration. . . .
>
> Listening to you, I think that you do understand the problems you've created. And so for having listened to you, I think it's not necessary to go above the guideline range in your particular case either to provide a proper punishment or to deter future criminal conduct. . . .

What I'm going to do in your case is, I'm going to impose a midrange sentence. *And I will tell you that that mid-range sentence is going to be a 51 month sentence. It's nine months lower than it would have been had I not listened to you here today. Because I think the facts of your case, and your criminal history in particular and your drug use in particular, would justify a five year term, would justify 60 months in order to deter future criminal conduct and to provide proper punishment.* But there's something about you that I believe that it would be appropriate to go below that number if I—and I am convinced that this has gotten your attention. . . .

So I do believe that a sentence at the middle of the guideline range would serve all those purposes and would provide proper deterrence and it would not be greater than necessary in this particular case. So that would be the—That's my determination in this matter, and that is that a mid-range sentence of 51 months is appropriate under all the circumstances of the case, and in particular, the defendant's history and characteristics. . . .

[T]he Court was looking at a sentence of 60 months based upon [the §] 3553 factors and not the guidelines in this case. *The guidelines are completely a minor part of the overall sentence in this matter. I departed for the reasons I stated from what I would have imposed in the case. But it would have been the Court's determination of a sentence at that term based upon the [§] 3553 factors . . . .*

(Emphasis added.)

Lee did *not* object to either the calculation of his criminal-history category or the reasonableness of his sentence. After filing a notice of appeal, however, Lee filed an unopposed motion to supplement the record with state-court documents related to his three most recent convictions. These documents include judgments, all three of which credit Lee with time served from the same date. A motions panel of our court granted the motion.

II.

Lee challenges the criminal-history assessment and the reasonableness of his sentence. These contentions rely heavily on the state-court documents with which he supplemented the record on appeal. According to Lee, all three

4

judgments' crediting him with time served from the same date shows that no intervening arrests separated commission of his three most-recent offenses. (As discussed *infra*, finding no intervening arrests could affect Lee's advisory guidelines sentencing range.)

An oral-argument panel may review a motions panel's ruling and overturn it where necessary. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 704 (5th Cir. 1997) (citing *United States v. Bear Marine Servs.*, 696 F.2d 1117, 1119 (5th Cir. 1983)), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). The Government, however, did not oppose the supplementation; and we see no justification for disturbing the motions panel's ruling. Therefore, the record on appeal consists of the record at sentencing, plus the documents introduced through Lee's motion to supplement. These documents being in the record on appeal does not, however, lessen Lee's burden of showing reversible plain error, discussed *infra*, resulting from his failing to object in district court regarding the intervening-arrests and reasonableness-of-sentence issues presented here.

## A.

Lee contends the district court plainly erred by adopting the PSR's criminal-history calculation. According to Lee, the PSR incorrectly assessed separate criminal-history points for each of his three most-recent convictions. He maintains: the state-court documents submitted by his motion to supplement show that no intervening arrests separated these crimes; and, therefore, for criminal-history purposes, they should be counted as a single sentence. *See* U.S.S.G. § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately *unless . . . (B) the sentences were imposed on the same day*. Count any prior sentence covered by . . . (B) as a single sentence." (emphasis added)).

As Lee concedes, because he did not preserve this issue in district court, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564

F.3d 357, 361–65 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Reversible plain error exists where a clear or obvious error affects defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

"Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). In other words, "[f]or a fact issue to be properly asserted [for the first time on appeal], it must be one arising outside of the district court's [earlier] power to resolve"—in this instance, at sentencing. *Id.*; *see also United States v. Easter*, 981 F.2d 1549, 1556 (10th Cir. 1992) ("[P]lain error review is not appropriate when the alleged error involves the resolution of factual disputes. . . . It is untenable to suggest that a trial court or prosecutor was 'derelict' in failing to recognize an alleged error based on factual issues never raised, much less litigated.").

In asserting that this rule is not as categorical as our precedent shows it to be, Lee cites *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006), where our court found plain error in the district court's misapplication of the guidelines to a date range that was accurately represented in the PSR. In that instance, the facts in the PSR were *not* at issue, only the district court's application of the guidelines to those facts. Therefore, *Arviso-Mata* is distinguishable: Lee challenges the facts contained in the PSR, not merely the district court's application of the guidelines to them.

Lee also cites persuasive authority from the District of Columbia Circuit, *United States v. Saro*, 24 F.3d 283, 291 (1994), to support his contention that our court should depart from our categorical rule that questions of fact capable of resolution in district court cannot constitute plain error, *see Lopez*, 923 F.2d at

6

50. *Saro* created an exception to this rule for situations where the PSR's factual findings are "internally contradictory, wildly implausible, or in direct conflict with the evidence that the sentencing court heard at trial". *See Saro*, 24 F.3d at 291. Of course, because Lee pleaded guilty, there was no trial; and, it does not appear that the other two exceptions exist here. In any event, our precedent contains no such exceptions; therefore, it is unnecessary to consider whether Lee has shown such problems exist in his PSR.

Obviously, the intervening-arrest question could have been resolved upon proper objection at sentencing. Accordingly, our precedent precludes finding error in the district court's reliance on the PSR. *See Lopez*, 923 F.2d at 50. In the alternative, as discussed *infra*, Lee cannot satisfy the individual elements required for reversible plain error.

1.

First, Lee must show a clear or obvious error. *United States v. Olano*, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'"); *see also Baker*, 538 F.3d at 332. Lee would have us find such error in the district court's crediting the PSR's listing three separate arrest dates. As noted, Lee concedes he neither presented evidence at sentencing rebutting the PSR nor challenged its factual findings.

Generally, a district court may rely on unobjected-to facts in the PSR. *E.g.*, *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir.) ("When a district court relies on information in a PSR, 'the defendant bears the burden of demonstrating that the information is unreliable or untrue.'" (quoting *United States v. Rome*, 207 F.3d 251, 254 (5th Cir. 2000))), *cert. denied*, 130 S. Ct. 394 (2009). A district court's reliance on such facts will *not* constitute *clear error* where the defendant does not both object *and* submit evidence to rebut the PSR's facts. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (holding "if no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further

7

inquiry or explanation"). In finding no clear error, *Vital* held: "[Defendant] failed to present any evidence to support his objection to the court's reliance on the information set forward in the PSR pertaining to [the challenged] testimony. Consequently, the district court's reliance on the PSR was not clearly erroneous". *Id.*

In sum, for the intervening-arrests issue, Lee neither objected nor presented evidence to the district court rebutting the PSR. Therefore, he cannot show the requisite clear or obvious error. *See Olano*, 507 U.S. at 734; *see also United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993) (finding no plain error where, "[i]n the absence of any objection, the district court simply adopted the recommendation of the . . . PSR").

This holding stands even in the light of the state-court documents introduced through Lee's motion to supplement. It is true that, for questions of *law*, an error may be plain so long as it is apparent at the time of appellate consideration. *Johnson v. United States*, 520 U.S. 461, 467–68 (1997); *United States v. Gonzalez-Terrazas*, 529 F.3d 293 (5th Cir. 2008). Precedent does *not*, however, extend this rule to questions of *fact*. There is a distinction between finding reversible plain error where the law changed between a district court's decision and appellate review, *see Johnson*, 520 U.S. at 467–68, and finding clear or obvious error where an appellant failed to contradict in district court evidence relied upon in making a factual finding. An appellant challenging a factual finding as clear or obvious error cannot rely on his own creation of a "change" in the facts by presenting, for the first time on appeal, contradictory evidence that was available—but *not* introduced—in district court.

2.

In the alternative, Lee has not satisfied the next requirement for reversible plain error: that the error affected his substantial rights. *See Baker*, 538 F.3d at 332. An error affects substantial rights when "defendant can show a reasonable probability that, but for the district court's misapplication of the

Guidelines, he would have received a lesser sentence". *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). "To meet this standard the proponent of the error must demonstrate a probability sufficient to undermine confidence in the outcome." *Mondragon-Santiago*, 564 F.3d at 364 (quoting *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005)) (internal quotation marks omitted). *Mondragon-Santiago* also noted that defendant's burden "should not be too easy", and explained that defendant cannot prevail if the "effect of the error is uncertain". *Id.* (quoting *Mares*, 402 F.3d at 521). "Otherwise, the *prejudice standard* would not serve its purpose of 'enforc[ing] the policies that underpin [plain-error review] generally, to encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error.'" *Mares*, 402 F.3d at 521 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)) (first alteration in original) (emphasis added).

Lee asserts that, because the PSR shows he was sentenced for three of his prior offenses on the same day, the state-court documents' claimed showing there were no intervening arrests should result in nine total criminal-history points (instead of 13) and a criminal-history category of IV (instead of VI). *See* U.S.S.G. § 4A1.2(a)(2). This criminal-history category would result in an advisory guidelines range of 33 to 41 months (instead of 46–57).

The mere existence of a discrepancy between the calculated range and Lee's desired range does *not*, however, necessarily demonstrate a probability of error sufficient to undermine confidence in the outcome. Lee contends that, because the district court stated that Lee's allocution prompted it to change his sentence from 60 months (three above the advisory sentencing range) to a "mid-range sentence of 51 months", it follows that a lower advisory range would have resulted in a lower sentence. But, as noted, the district court was clear that the sentence was *not* based on the advisory guidelines:

> *[T]he Court was looking at a sentence of 60 months based upon [the § ] 3553 factors and not the guidelines in this case.* The guidelines

9

are completely a minor part of the overall sentence in this matter.
I departed for the reasons I stated from what I would have imposed
in the case. But it would have been the Court's determination of a
sentence at that term based upon the [§] 3553 factors . . . .

(Emphasis added.)

Nor is the district court's description of the imposed sentence as a "mid-range sentence of 51 months" determinative. The district court may have found that the appropriate sentence happened to fall in the middle of *that* calculated range; it is *not* certain that it found the sentence appropriate *because* it was mid-range. *Cf. United States v. Jasso*, 587 F.3d 706, 714 n.11 (5th Cir. 2009) (finding no effect on substantial rights where district court incorrectly calculated sentencing range, then stated defendant's sentence should be at the bottom of it; that sentence was in the middle of correct range, and district court's bottom-of-range statement only showed it had "concluded it would be reasonable to place the defendant in the bottom of *that* [incorrect] range", not necessarily the bottom of *any* range).

In sum, the district court made clear that the advisory guidelines range was only a minor factor in its determining Lee's sentence. It gave no indication, and Lee fails to show with any certainty, that a lower range would have resulted in a lower sentence. Therefore, even if there were clear or obvious error in the criminal-history calculation, it would not be reversible because Lee's substantial rights were not affected. *See Mondragon-Santiago*, 564 F.3d at 364. Restated, there was no resulting prejudice.

3.

Finally, as yet another alternative basis, even if Lee could clear these first two extremely high hurdles, we still would retain discretion to reverse—plain-error relief is "permissive, not mandatory". *See Olano*, 507 U.S. at 735. Along that line, as discussed, we generally would correct the reversible plain error only

if Lee could show our not doing so would seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See Baker*, 538 F.3d at 332.

In the light of this record, especially the district court's explicitly grounding Lee's sentence on the § 3553(a) factors, rather than on the advisory guidelines sentencing range, the claimed error is *not* one that seriously affects the fairness, integrity, or public reputation of the proceedings. If reversal turned on this prong of plain-error review—which it does not, because Lee fails to satisfy the other two—Lee would fail to justify an exercise of our discretion. *See United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir.) ("Not every error that increases a sentence need be corrected by a call upon plain error doctrine. . . . And even if an increase in a sentence be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings."), *cert. denied*, 130 S. Ct. 371 (2009).

B.

Lee also challenges the substantive reasonableness of his sentence, asserting that the district court: misapplied the guidelines; failed to consider the individual circumstances of his case; and relied too heavily on his criminal history. He also protests the Government's claimed arbitrary refusal to move for the greater three-offense-level reduction for timely acceptance of responsibility.

Generally, review of a sentence's substantive reasonableness is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). As noted, Lee did *not*, however, object to the reasonableness of his sentence. Therefore, as he concedes, review is again only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). (Lee did request a downward variance and a downward departure. He acknowledges that our precedent forecloses his contention that this constituted an objection to his sentence's reasonableness, and raises the issue to preserve it for possible Supreme Court review.)

Under the above-referenced, less-exacting, abuse-of-discretion standard of review, a within-guidelines sentence is afforded a presumption of

11

reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Lee's reasonableness challenge ultimately turns on whether the district court plainly erred in the criminal-history calculation and, thus, whether his 51-month sentence falls within the advisory guidelines range and receives the reasonableness presumption. Because, as discussed *supra*, the district court did *not* plainly err in calculating his range, the sentence benefits from that presumption. Likewise, Lee's plain-error-based disagreement with the district court's weighing of the § 3553(a) factors fails to overcome the presumption. *See generally Rita*, 551 U.S. at 347 (discussing presumption); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.) ("Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."), *cert. denied*, 129 S. Ct. 328 (2008).

## III.

For the foregoing reasons, the judgment is AFFIRMED.