## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2012

Lyle W. Cayce
Clerk

No. 10-10357

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL ANGEL ALEGRIA-ALVAREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
6:09-CR-42-1

Before BENAVIDES, STEWART, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Alegria-Alvarez ("Alegria-Alvarez") pleaded guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202(3) & (4). At sentencing, the district court adopted the pre-sentence report ("PSR") without objection from either party, and sentenced Alegria-Alvarez to seventy-one months imprisonment. Alegria-Alvarez now appeals his sentence based on an incorrect calculation of the advisory Guideline range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10357

## FACTS AND PROCEDURAL HISTORY

On September 22, 2009, Alegria-Alvarez was indicted on one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202(3) & (4).  Subsequently, Alegria-Alvarez pleaded guilty and a pre-sentence investigation was ordered.

At sentencing, Alegria-Alvarez was assigned a total offense level of twenty-one.  Alegria-Alvarez received a total criminal history score of eight, which resulted in a criminal history category IV.  Based on these calculations, Alegria-Alvarez's advisory Guideline range of imprisonment was fifty-seven to seventy-one months.  Neither the Government nor Alegria-Alvarez objected to the PSR's calculation of the advisory Guideline range.

Thereafter, the district court adopted the PSR's findings and conclusions, and sentenced Alegria-Alvarez to seventy-one months imprisonment.  After imposing the seventy-one month sentence, the district court judge stated, "I believe this sentence does adequately address the sentencing objectives of punishment and deterrence, as well as meeting those other factors as set forth in Title 18, United States Code, Section 3553(a)."  Aggrieved by the district court's sentence, Alegria-Alvarez appealed.

## STANDARD OF REVIEW

Where the defendant fails to object to the PSR's advisory Guideline range, we review for plain error. *See United States v. John*, 597 F.3d 263, 282 (5th Cir. 2010).  To establish reversible plain error, the defendant must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If the defendant can make this showing, "this court has discretion to correct that error, and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011) (citing *Puckett*, 129 S. Ct. at 1429).

2

No. 10-10357

## DISCUSSION

On appeal, Alegria-Alvarez contends that the district court committed reversible plain error by adopting the PSR because it incorrectly calculated his total criminal history score by treating his prior convictions as separate offenses. The Government argues that, although it was obvious error, the error did not affect Alegria-Alvarez's substantial rights because the district court made clear that the sentence was based upon the factors set forth in § 3553(a), and not the Guidelines range. Because the Government concedes that the error was obvious, we need not address this issue here. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 623 (2010); *see also United States v. Masters*, 392 F. App'x 329, 332 (5th Cir. 2010).

In determining whether a sentencing error affects the defendant's substantial rights, the defendant bears the burden of showing "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *Blocker*, 612 F.3d at 416-17 (quoting *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)). Absent additional evidence, a defendant satisfies this burden where "(1) the district court mistakenly calculates the wrong Guidelines range; (2) the incorrect range is significantly higher than the true Guidelines range; and (3) the defendant is sentenced within the incorrect range." *Mudekunye*, 646 F.3d at 289. However, when the correct and incorrect Guideline ranges overlap and the defendant is sentenced within the overlap, this court "does not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Blocker*, 612 F.3d at 416.

This case does not fall within either line of precedent. The correct and incorrect Guideline ranges overlap by one month, but Alegria-Alvarez was sentenced outside the overlap, 14 months above the correct Guideline range. A criminal history score of five, rather than eight, results in a criminal history

category III.  *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  With a total offense level of twenty-one and a criminal history category III, Alegria-Alvarez's correct advisory Guideline range would have been forty-six to fifty-seven months.  *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

Alegria-Alvarez contends that the factual scenario of *Mudekunye* is very similar to his case, and that it supports a finding that the district court's error affected his substantial rights.  In *Mudekunye*, the district court calculated the advisory Guidelines range, including an erroneous enhancement, to be seventy-eight to ninety-seven months of imprisonment.  *Id.*  The district court then sentenced Mudekunye at the top of that range to ninety-seven months.  *Id.* at 285.  Absent the erroneous enhancement, the correct Guideline range would have been sixty-three to seventy-eight months.  *Id.* at 289.  In imposing Mudekunye's sentence, the district court stated only that the "sentence happens to be within the Guideline range" and "is the appropriate sentence in this case given all of the facts and circumstances."  *Id.* at 290 (internal quotations omitted).

On appeal, we found the district court's comments to be "vague and ambiguous."  *Id.*  Moreover, we concluded that the nineteen-month disparity between the top of the correct range and the sentence imposed was "significant."  *Id.* at 291.  In light of the disparity between Mudekunye's sentence and the top of the correct Guidelines range, as well as "the absence of any evidence suggesting that the court would have sentenced Mudekunye to ninety-seven months' imprisonment irrespective of the correct Guidelines range," we concluded, "Mudekunye has shown a reasonable probability of a lesser sentence and therefore, demonstrated that the court's clear error affected his substantial rights."  *Id.*

Like *Mudekunye*, there is no evidence indicating that the district court would have sentenced Alegria-Alvarez to seventy-one months of imprisonment

No. 10-10357

if it had used the correct Guideline range. Alegria-Alvarez's sentence was also at the top of the erroneous Guidelines range upon which the district court relied. Despite that fact, the court stated only, "I've imposed a term of 71 months. I believe this sentence does adequately address the sentencing objectives of punishment and deterrence, as well as meeting those other factors as set forth in Title 18, United States Code, Section 3553(a)." This is not enough to suggest that the district court would have sentenced Alegria-Alvarez to seventy-one months' imprisonment irrespective of the correct Guidelines range. Thus, the district court's statements are ambiguous, and the disparity between the top of the correct range and Alegria-Alvarez's sentence is significant.

Moreover, we stated that where the correct and incorrect ranges overlapped by only one month, the defendant was sentenced outside the overlap, and "where it is not apparent from the record that the defendant would have received an above-Guidelines sentence, the imposed sentence affects the defendant's substantial rights."[1]  *Id.* (internal quotations and citation omitted); *see also United States v. Severin*, 221 F. App'x 299, 303 (5th Cir. 2006) (holding, without discussion, that a disparity of only three months between the top of the correct Guidelines range and the sentence imposed affected the defendant's substantial rights).

---

[1] It should be noted that *Mudekunye* relied on an unpublished case as persuasive authority to support its decision, *United States v. Carrizales-Jaramillo*, 303 F. App'x 215, 217 (5th Cir. 2008). *See* 646 F.3d at 290. In *Carrizales-Jaramillo*, the correct Guidelines range was twenty-four to thirty months, the incorrect Guidelines range was thirty to thirty-seven months, and the defendant had been sentenced to thirty-one months of imprisonment. 303 F. App'x 216-17. Reviewing for plain error, we noted that the ranges overlapped by one month and that the sentence exceeded the top of the properly calculated range. *Id.* at 217. In deciding that the error affected substantial rights and that the sentence should be vacated, we stated that the district court "did not indicate that it would have imposed the same sentence as an alternative sentence" and "did not express an intent to go outside of the Guidelines range." *Id.*

No. 10-10357

However, relying on *United States v. Lee*, 368 F. App'x 548 (5th Cir. 2010), the Government argues that Alegria-Alvarez cannot establish a reasonable probability, but only a "mere possibility," that he would have received a lesser sentence had the district court calculated the correct Guidelines range. The Government notes that the district court did not mention the Guidelines range in explaining the sentence, but rather indicated that it was relying on the § 3553(a) factors. Additionally, the Government contends that the discrepancy between the incorrect and correct ranges is insufficient to undermine confidence in the sentence.

In *Lee*, however, we addressed the substantial rights prong only "[i]n the alternative." *Id.* at 553. In rejecting that claim, we determined that the discrepancy between the Guidelines ranges was insufficient to show a probability of a lower sentence and that the district court had been "clear that the sentence was not based on the advisory Guidelines," but rather on the § 3553(a) factors. *Id.* at 554 (emphasis in original).

The record in this case, however, provides far less evidence of the district court's intentions at sentencing. The district court merely referenced punishment, deterrence, and the § 3553(a) factors and did not state that the sentence was not based on the Guidelines range. Additionally, the district court's reasons for sentencing Alegria-Alvarez "did not indicate that it would have imposed the same sentence as an alternative sentence" and "did not express an intent to go outside of the Guidelines range." *See Carrizales-Jaramillo*, 303 F. App'x at 217. Therefore, the fourteen-month disparity between Alegria-Alvarez's sentence and the top of the correct Guideline range affected his substantial rights.

Nevertheless, "[e]ven where a defendant's substantial rights are violated, our court retains discretion to correct the reversible plain error only if it seriously affects the fairness, integrity, or public reputation of judicial

6

No. 10-10357

proceedings." *Mudekunye*, 646 F.3d at 291 (citing *Puckett*, 129 S. Ct. at 1429); *see also John*, 597 F.3d at 288 (holding "whether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case.").

In *John*, we determined that three facts supported vacating the sentence: (1) the district court imposed the sentence without considering the correct Guideline range, which should have been the starting point for the district court; (2) the sentence "would not be subjected to the process otherwise applicable to above-Guidelines sentences; and (3) that John's sentence had already been substantially increased by the district court's use of the intended loss rather than the actual loss. 597 F.3d at 286-287.

Like *John*, the district court in this case imposed the sentence without considering the correct Guideline range. In addition, it is not apparent from the record that Alegria-Alvarez would have received an above-Guideline sentence had the district court correctly calculated the Guideline range.

Relying on *United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010), the Government contends that we should not exercise our discretion in correcting Alegria-Alvarez's sentence. In *Davis*, the district court imposed an above-Guidelines sentence of twenty-four months of imprisonment based on the erroneous Guidelines range of fifteen to twenty-one months, rather than the correct Guideline range of six to twelve months. *Id.* at 648. In declining to exercise our discretion, we focused on the small disparity in the correct and incorrect Guidelines ranges, the fact that the sentence imposed was still below the thirty-six-month statutory maximum, and the fact that Davis violated his supervised release under circumstances that "strongly suggested that he intended to resume the same activities for which he initially had been convicted and imprisoned." *Id.* at 651. We concluded that in cases where we have

7

exercised our discretion, the disparity between the correct and incorrect ranges was generally more severe than that presented here. *Id.*

In this case, although the discrepancy between the incorrect and correct Guidelines range is smaller than in *Davis*, as the two overlap, *see* U.S.S.G. Ch.5, Pt. A, Sentencing Table, and Alegria-Alvarez's sentence is within the statutory maximum of 20 years, Alegria-Alvarez did not violate his supervised release under circumstances that "strongly suggested that he intended to resume the same activities for which he initially had been convicted and imprisoned." *See Davis*, 602 F.3d at 651.

Therefore, based upon the record before us, we are compelled to exercise our discretion in correcting Alegria-Alvarez's sentence.

## CONCLUSION

Based upon the foregoing analysis, Alegria-Alvarez's sentence is **VACATED**, and the case is **REMANDED** for re-sentencing.