# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-41123
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

　　　Plaintiff-Appellee

v.

JOSE DAVID HERNANDEZ, also known as Jose David Hernandez-Perez

　　　Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-1121-1

———————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A few months ago, a divided panel of this court denied an unopposed motion by the government to vacate and remand this appellant's sentence based on plain error as to the calculation of his criminal history.[1] At that time, the panel observed that the government had not even attempted to brief the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The appellant's additional facial challenge to the constitutionality of 18 U.S.C. § 16(b) has been foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *pet. for cert. filed* Sept. 29, 2016.

No. 15-41123

fourth prong of plain error review, *i.e.*, whether this court's failure to correct the error "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Castaneda,* 740 F.3d 169, 171 (5th Cir. 2013). Although the government, in filing its brief on the merits, alleges the fourth prong is fulfilled, we are not persuaded and AFFIRM the sentence.[2]

This appellant has a lengthy history of encounters with law enforcement, including an assault on a female that was properly counted in his criminal history. More recently, he has continued to enter the United States illegally and been indicted for welfare fraud. These events no doubt influenced the district judge in her statement that a sentence "at the high end" of an admittedly slightly higher sentencing range (24-30 months rather than 18-24 months) was "appropriate."

Because federal sentencing has been in an ongoing turmoil in the past few years, consideration of this appeal was delayed for the outcome of *Gonzalez-Longoria.* In the meantime, the appellant has been serving time on the slightly higher sentence and is due for release on March 22, 2017. So, not only could this appellant's case have been handled better had the appropriate objection to the criminal history score been raised *at sentencing* instead of for the first time on appeal, but now any relief we could conceivably award comes close to being moot because of his soon-impending release. Authority in this court goes both ways on the propriety of exercising our discretion to order resentencing when an error has resulted in, at most, a few months higher sentence. *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010) (declining to exercise discretion where a 15 to 21 month range was incorrect and a 6 to

---

[2] One facet of appellant's criminal history argument, it should be noted, is not "plain" error: he has raised the purely factual issue of the length of a prior sentence by submitting evidence for the first time on appeal. See *United States v. Lee*, 368 F.App'x. 548, 553 (5th Cir. 2010) (refusing to consider factual evidence available to defendant in trial court but not offered until appeal).

No. 15-41123

12 month range was appropriate); *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (declining to exercise discretion over a one month where a 70 to 87 month range was incorrect and a 57 to 71 month range was appropriate); *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005) (exercising discretion where a 21 to 27 month range was incorrect and a 10 to 16 month range was appropriate).  Under these circumstances, however, which include the totality of the appellant's criminal history and the unavoidable delays in handling the appeal, our failure to correct the error in no way reflects on the fairness, integrity or public reputation of the judicial proceedings. **AFFIRMED**.