# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50630
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE CARMONA RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-345-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Felipe Carmona Rodriguez appeals his jury trial convictions and sentences for conspiracy to possess with intent to distribute more than 500 grams of cocaine and for possession with intent to distribute less than 500 grams of cocaine. Rodriguez argues that there was insufficient evidence to convict him of the conspiracy count, that the district court plainly erred by not instructing the jury that it is legally impossible to conspire with a Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agent, that the district court erred by applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), and that the district court erred by not ruling on his motion for a new trial and by not conducting an evidentiary hearing on the motion.

Rodriguez's points of error are unavailing.  First, the evidence, viewed in the light most favorable to the Government with reasonable inferences made in support of the jury's verdict, was sufficient to support Rodriguez's conspiracy conviction.  *See United States v. Romans*, 823 F.3d 299, 311 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016).  Contrary to Rodriguez's assertion, the evidence was sufficient to establish the existence of a conspiracy, and not merely that he bought and sold drugs.  *See United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011); *United States v. Garcia*, 567 F.3d 721, 732 (5th Cir. 2009).

Second, given that the totality of the evidence establishes that Rodriguez conspired with non-governmental participants, the mere fact a government agent was also involved in his scheme did not alone necessitate an instruction pursuant to *Sears v. United States,* 343 F.2d 139, 142 (5th Cir. 1975).  *United States v. Delgado*, 672 F.3d 320, 342 (5th Cir. 2012) (en banc).  Because the Government presented evidence to establish that a conspiracy existed with individuals who were not government agents or informants, the district court did not plainly err in failing to issue a *Sears* instruction.  *See United States v. Slaughter*, 238 F.3d 580, 585 (5th Cir. 2001).

Third, the evidence adduced at trial was sufficient to "show a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant."  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010); *cf. United States v. Severin*, 221 F. App'x 299, 302-03 (5th Cir. 2006).  The district court's factual finding that the § 2D1.1(b)(1) enhancement applies was therefore not clearly erroneous.  *See Romans*, 823 F.3d at 317.

No. 16-50630

Finally, to the extent that Rodriguez argues that the district court erred by failing to rule on his motion for a new trial, the district court's ruling following limited remand makes moot this aspect of Rodriguez's argument. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). To the extent he contends that the district court erred by not conducting an evidentiary hearing, he fails to explain how his case presented an extraordinary situation warranting an evidentiary hearing. *See United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016).

AFFIRMED.