# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2011

No. 09-30296

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL TRAVIS PHILLIPS

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:08-CR-108-1

Before KING, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Daniel Travis Phillips appeals his sentence contending that the district court erred by imposing a procedurally and substantively unreasonable sentence. We vacate and remand for resentencing.

I.

Phillips pled guilty to three counts of transmitting threatening communications in interstate commerce and one count of unauthorized possession of 15 or more access devices with the intent to defraud. Using the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30296

2008 version of the Sentencing Guidelines, the presentence report (PSR) assigned a base offense level of 12 and a combined offense level of 17.  Phillips received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 14, and he was placed in criminal history Category VI, resulting in a Guidelines range of 37-46 months.  The PSR noted that a departure may be warranted under § 4A1.3(a)(1) because Phillips's criminal history was substantially under-represented.  In such case, the PSR instructed the court to move incrementally down the sentencing table to the next higher offense level until it found one appropriate to the case.  No objections to the PSR were filed.

At the sentencing hearing, Phillips was sentenced to serve concurrent terms of 46 months on each count of transmitting threatening communications and to serve a consecutive term of 46 months for the unlawful possession count, resulting in a total sentence of 92 months with three years of supervised release.  In explaining the sentence, the district judge stated that she had "considered the factors contained in 18 U.S.C. § 3553 and the Sentencing Guidelines."  Phillips did not object at sentencing, and the district court provided a written Statement of Reasons (SOR) later that day.  This appeal followed.

II.

We generally review the district court's interpretation of the Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  However, we review for plain error when the appellant, like Philips, fails to raise his procedural objection in district court.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Under plain error review, Phillips must show a forfeited error that is clear and obvious and affects his substantial rights.  *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009).  To show the error affected his substantial rights, Phillips must demonstrate a reasonable probability that he would have received a lesser sentence but for the error.  *United Stated v. Davis*, 602 F.3d 643, 647 (5th Cir.

2

No. 09-30296

2010). "Even when these elements are met, we have discretion to correct the forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Mondragon-Santiago*, 564 F.3d at 361 (internal citation and quotation marks omitted).

### III.

Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), this court engages in a bifurcated review of sentences issued by the district courts. *United States v. Delgado-Martinez*, 563 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* We generally need only proceed to the second step–reviewing the sentence's substantive reasonableness–if the procedure was sound. *See id.* at 752-53.

Phillips argues that his sentence is procedurally unreasonable because the district court failed to adequately explain his 92-month sentence, which was twice the top of the Guidelines advisory range. A sentencing court must state the "reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c). Failure to adequately explain a sentence, particularly any deviation from the Guidelines range, is a significant procedural error. *Gall*, 552 U.S. at 51. The district court must carefully articulate fact-specific reasons consistent with the § 3553(a) factors in issuing a non-Guidelines sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

In sentencing Phillips, the district court judge cited her consideration of the Guidelines and the sentencing factors of § 3553(a), but she did not review the Guidelines calculation or discuss whether the sentence imposed was within the recommended range. More to the point, she gave no reasons for the upward departure which doubled the Guidelines maximum. In the written SOR, the court adopted the PSR without change and stated that it imposed an upward departure as authorized by the Guidelines under U.S.S.G. § 4A1.3 based on under representation of Phillips's criminal history. The court further stated

No. 09-30296

that, based on this upward departure, Phillips's offense level was 17, resulting in a Guidelines range of 51-63 months.  Thus, Phillips's 92-month sentence was substantially above even the Guidelines range for an offense level of 17.

The Government argues that this was a typographical error and that the SOR sufficiently explained the court's reasoning.[1]  Contrary to the Government's argument, the SOR provides absolutely no explanation for the sentence that Phillips actually received.  The court selected an offense level that carried a Guidelines range of 51-63 months.  It is impossible to determine from the record whether the adjusted Guidelines range is a typographical error or the court wished to impose a sentence within the range of 51-63 months.  Thus, the court plainly erred in failing to articulate reasons for the 92-month sentence, which was well above the Guidelines range it selected.  *See Mondragon-Santiago*, 564 F.3d at 364.

The Government further contends that even if the court plainly erred by failing to provide reasons, Phillips cannot show that his substantial rights have been affected because there is no indication he would have received a lesser sentence.  However, there is a reasonable probability that Phillips's substantial rights have been affected because the court may have wished to impose a sentence within the range of 51-63 months rather than the 92-month sentence imposed.

Our analysis of whether a sentencing error seriously affects the fairness, integrity, or public reputation of the judicial system is conducted on a case-specific and fact-intensive basis. *United States v. John*, 597 F.3d 263, 287 (5th Cir. 2010).  The sentence imposed here is significantly outside the Guidelines

---

[1] *See United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002) (Although the district judge did not articulate any reasons for upward departure in open court, there was no plain error because the written statement of reasons relied on the PSR–which considered an upward departure based on a Guidelines provision–thus allowing for effective appellate review.).

No. 09-30296

range as explained by both the PSR and the SOR.  The above-Guidelines sentence lacks "the accompanying justification from the district court that the Supreme Court has recognized is necessary to promote the perception of fair sentencing" and to allow for meaningful appellate review.  *Id.* at 287 (internal quotation and citation omitted).  Therefore, we conclude that this is a case in which we shall exercise  our discretion to remand for resentencing to promote the perception of fairness in sentencing.

IV.

Accordingly,  we  VACATE  Phillips's  sentence  and  REMAND  for resentencing to give the district court an opportunity to clearly articulate the reasons for imposing any above-Guidelines sentence it may impose.

VACATED and REMANDED.