# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

No. 09-50914
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TYRA ARNETT GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-48-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tyra Arnett Green appeals her 60-month sentence for conspiracy to commit wire fraud and wire fraud, a sentence two times greater than the guidelines maximum of 30 months. She did not object to the sentence in the district court.

Green asserts that the district court erred by failing to provide sufficient reasons for the above-guidelines sentence. The court noted during sentencing Green's extensive criminal history and found explicitly that the 60-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was required to protect the public from further crimes by her. The written statement of reasons provided that the sentence was imposed in part because of a "government motion for a sentence outside of the advisory guideline system." However, the record does not reflect that such a motion was made. The statement of reasons further provided that the sentence was necessary because of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes by Green.

We need not decide whether the district court's reasons were sufficient. Assuming arguendo that the reasons provided were insufficient, Green has not shown that the error affected her substantial rights. She asserts that, had the district court considered all of the 18 U.S.C. § 3553(a) factors, it "may have imposed a lesser sentence." The case she cites in support of finding that her substantial rights were affected, *United States v. Phillips*, 415 F. App'x 557 (5th Cir. 2011), is inapposite. There is nothing in the instant record to suggest that the district court mistakenly imposed the 60-month sentence. *See id.* at 559.

Nor does anything in the record suggest that the district court would have imposed a lesser sentence if it had expressly considered each of the § 3553(a) factors. During the sentencing hearing, the court reprimanded Green for her lack of remorse toward the 89-year-old victim. It also recognized that 51-year-old Green had been committing crimes since she was 17 and noted that her "criminal history constitutes nine pages of the presentence report." Considering the record as a whole, it is equally plausible that the district court would have imposed a harsher sentence if it had explicitly considered each of the relevant sentencing factors. *See* § 3553(a); *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Thus Green fails to show that any error by the district court amounts to plain error. *See Mondragon-Santiago*, 564 F.3d at 364-65.

No. 09-50914

Next Green asserts that the sentence was substantively unreasonable because it was based in part upon a non-existent motion by the Government for an upward departure. A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). We find no error because the record does not indicate that the district court gave "significant" weight to the nonexistent motion in determining Green's sentence. The court did not mention the improper factor during the sentencing hearing; instead it emphasized the need for the sentence to protect the public in light of Green's lengthy criminal history. Nor does the record support a finding that Green's substantial rights were violated. It does not indicate that the district court would have imposed a lesser sentence in the absence of a belief that the Government had moved for a nonguidelines sentence. *See Peltier*, 505 F.3d at 393-94.

The judgment of the district court is AFFIRMED.