United States v. Nelson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
   <u>Appellee</u>,

   -v.-            13-3025

DION NELSON, also known as "Booquan,"
   <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      Susan G. Kellman, Brooklyn, New York.

FOR APPELLEE:      Shreve Ariail, Amy Busa, Assistant United States Attorneys, <u>for</u> Loretta E. Lynch, United States Attorney for the

Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Dion Nelson appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, J.), sentencing him to 25 years of imprisonment for unlawful use and discharge of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Nelson argues that: (1) statutory language authorizing a sentence "not less than ten years" requires a sentence of exactly ten years; (2) the sentence was procedurally unreasonable because the district court failed to explain in open court the reasons for imposing an above-guidelines sentence, and because of inaccuracies on the statement of reasons form; and (3) the 25-year sentence was so long as to be substantively unreasonable. We affirm the sentence, but we remand for the limited purpose of allowing the district court to issue a corrected statement of reasons.

**1.** Nelson argues that the 25-year sentence conflicts with the statute, which authorizes "a term of imprisonment of not less than 10 years." However, 25 years is "not less than 10 years"; so the sentence is permissible. See, e.g., United States v. Farmer, 583 F.3d 131, 151 (2d Cir. 2009). Nelson relies on (ambiguous) legislative history, inferences from Supreme Court oral argument transcripts, and the rule of lenity. However, "[w]e are bound by the decisions of prior panels" of this Court. Gelman v. Ashcroft, 372 F.3d 495, 499 (2d Cir. 2004). This claim fails.

**2.** Nelson argues that the sentence was procedurally unreasonable because of two separate violations of 18 U.S.C. § 3553(c): (1) the district court did not explain why it imposed a sentence that substantially exceeded the guidelines recommendation of 10 years; and (2) the district

2

court's statement of reasons contains inaccurate information and insufficient justification for the sentence.

**a.** Nelson claims that the district court violated 18 U.S.C. § 3553(c) by failing to justify in open court its decision to impose an above-guidelines sentence. But Nelson made no relevant objection in the district court; so this claim is reviewed for plain error. See United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007) ("We now hold that plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c).").

The plain error standard is a familiar one: "an appellate court may, in its discretion, correct an error not raised" before the district court

> only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

Nelson is correct that the district court erred, and that its error was plain. To be sure, the district court provided ample justification for imposing a sentence with a lengthy term of incarceration. But the court did not acknowledge that it was imposing an above-guidelines sentence, so it therefore could not have satisfied its obligation to explain its reasons for doing so.

But Nelson's claim fails nonetheless, because the district court's error, though plain, did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Marcus, 560 U.S. at 262. The district court was clearly aware that it was departing from the guidelines recommendation--even if the court never adequately explained why. Early in the proceeding, the district court observed that, because Nelson's extensive criminal history was not captured by the guidelines

3

recommendation, there was "no issue here regarding whether there should be notice about a possible sentence above the guidelines."

**b.** As Nelson points out, the statement of reasons form inaccurately states that the sentence imposed was within the guidelines range; and the document contains no explanation for why an above-guidelines sentence was appropriate in this case. Like Nelson's other procedural challenges, these are clear violations of 18 U.S.C. § 3553(c)(2) (requiring that the explanation for an above-guidelines sentence appear in the written statement of reasons). This claim, too, is raised for the first time on appeal.

Recognizing that such a claim will almost never survive plain error review (this one is no exception), our cases suggest that the proper remedy is a limited remand to allow the district court to issue a corrected statement of reasons. See United States v. Verkhoglyad, 516 F.3d 122, 133 (2d Cir. 2008). (The government does not oppose such a remand here.) So although we affirm the sentence in all respects, we will remand this case to the district court so that a corrected statement of reasons may be issued.

**3.** Nelson argues that his 25-year sentence is so long as to be substantively unreasonable. The precise sentence chosen by the district court, if within lawful bounds, is reviewed only for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). That highly deferential standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). Given Nelson's extensive criminal history, well-documented in the pre-sentence report and in open court at the sentencing hearing, the district court did not abuse its discretion in imposing a 25-year sentence.

\* \* \*

4

For the foregoing reasons, and finding no merit in Nelson's other arguments, we hereby **AFFIRM** the judgment of the district court, and **REMAND** for the limited purpose of allowing the district court to issue a corrected statement of reasons.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK