# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40260

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

SILVESTRE SANTACRUZ-HERNANDEZ,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-2-1

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

While on supervised release, Silvestre Santacruz-Hernandez was arrested for illegally reentering the United States. He pled "True" to violating the conditions of his supervised release. The district court then selected an incorrect Guidelines range and sentenced Santacruz-Hernandez to the top of that range. We VACATE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40260

## FACTUAL AND PROCEDURAL BACKGROUND

Silvestre Santacruz-Hernandez is a Mexican citizen.  In 2009, he pled guilty to distributing methamphetamine and was sentenced to a term of imprisonment and three years of supervised release.  The conditions of supervised release required that, among other things, Santacruz "shall not commit another federal, state, or local crime."

In November 2014, Santacruz's probation officer filed a petition seeking revocation of supervised release.  The probation officer alleged Santacruz illegally reentered the country in violation of the general condition that he not commit another crime during his term of supervision.  Santacruz was separately charged with illegal reentry.  He pled guilty to the illegal reentry charge and "True" to violating supervised release.

The court imposed a sentence of 57 months' imprisonment on the illegal reentry conviction.  For violating supervised release, the district court solicited sentencing recommendations from the probation officer and both parties.  The probation officer said: "[T]he guideline is 6 to 12 months.  We're recommending 12 months . . . ."  The prosecutor said: "The bottom of the guideline . . . ."  Defense counsel said: "[W]e're asking for the minimum . . . ."

The district court revoked Santacruz's supervised release and sentenced him to 12 months, to be served after the illegal reentry sentence of 57 months' imprisonment.  The court provided no explanation for its 12 month revocation sentence.  There was no objection at sentencing.  Santacruz timely appealed.

## DISCUSSION

The only issue on this appeal is whether the district court relied on an incorrect Guidelines range when sentencing.  Santacruz did not object at sentencing, so we review for plain error.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To demonstrate plain error, an appellant must show a

2

forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, we have discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

The district court committed error — error that is clear or obvious — when it relied on an incorrect Guidelines range. Both parties acknowledge Santacruz's illegal reentry constituted a Grade B violation of his conditions of supervised release. *See* U.S.S.G. § 7B1.1(a)(2) (defining Grade B violations). Both parties also acknowledge that Santacruz's applicable Criminal History Category was I. The Grade B violation, paired with the Criminal History Category of I, should have resulted in an advisory range of 4 to 10 months. *Id.* § 7B1.4(a). The district court clearly erred, however, relying on the incorrect range of 6 to 12 months provided by the probation officer.

Further, the error affected Santacruz's substantial rights. In reviewing a criminal sentence for plain error, an appellant can satisfy this third prong if he "can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The Supreme Court recently instructed that, "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The Court reasoned that a Guidelines range represents "the lodestar" for sentencing; it "inform[s] and instruct[s] the district court's determination of an appropriate sentence." *Id.* Thus, a district court's "selected Guidelines range" will typically influence the imposed sentence. *Id.* We agree with another recent decision that *Molina-Martinez* creates doubt about caselaw that reflected a "reluctance" to find an effect on substantial rights if the correct and incorrect ranges overlapped. *United States*

No. 15-40260

*v. Martinez-Rodriguez*, No. 13-41292, 2016 WL 2772272, at *3 (5th Cir. May 12, 2016).  We find no reason to let an overlap control the result in this case.

A district court's mistaken application of an incorrect Guidelines range is not a *per se* error affecting a defendant's substantial rights.  "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."  *Molina-Martinez*, 136 S. Ct. at 1346.  Here, though, the district court did not provide any explanation for its revocation sentence.  There is no indication the district court imposed a 12 month sentence irrespective of the wrongly selected 6 to 12 month Guidelines range.[1]

Finally, the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  On this fourth step of plain error review, we have discretion to correct an unpreserved error where "a miscarriage of justice would otherwise result."  *United States v. Olano*, 507 U.S. 725, 736 (1993).  In this case, the district court imposed a sentence (12 months) at the top end of the incorrectly selected Guidelines range (6 to 12 months) and two months above the correct Guidelines range (4 to 10 months).  In past unpublished decisions, we have vacated sentences involving similar errors. *See, e.g.*, *United States v. Carrizales-Jaramillo*, 303 F. App'x 215, 217 (5th Cir. 2008) (finding plain error where the imposed sentence was one month above the correct Guidelines range).  We now do the same.

VACATED and REMANDED.

---

[1] The Government suggests there is some evidence that, even if the district court had adopted the correct Guidelines range, it would have imposed the same 12 month sentence. In support, the Government identifies a colloquy during sentencing between the district court and the probation officer about Santacruz's Criminal History Category.  The colloquy is taken out of context and is not persuasive.  In that portion of the sentencing hearing, the district court was reviewing the presentence report for Santacruz's illegal reentry conviction, not his independent charge for violating supervised release.