# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31297

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2016

Lyle W. Cayce
Clerk

Plaintiff-Appellee,

v.

CHANNING CHRISTOPHER MILLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-281-1

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:*

We withdraw our previous opinion in *United States v. Miller*, No. 14-31297, ___ F. App'x ___, 2016 WL 3549003 (5th Cir. June 29, 2016), and substitute the following.

Defendant-Appellant Channing Miller ("Miller") pleaded guilty to possession with intent to distribute cocaine, and the district court sentenced him to 120 months' imprisonment. He now appeals, arguing that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31297

court plainly erred in sentencing him based on an erroneous Guidelines range. We VACATE and REMAND for resentencing.

## FACTS & PROCEDURAL HISTORY

Miller pleaded guilty to a single-count indictment charging him with possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Presentence Investigation Report ("PSR") stated that 3.5 "brick shaped objects wrapped in clear plastic" were seized from Miller's person upon arrest and that a subsequent laboratory analysis determined that the packages contained 4.469 kilograms of cocaine. Based in part on this amount,[1] the PSR assigned a total offense level of 25 and a criminal history category of V, which yielded a Guidelines range of 100–125 months' imprisonment.

On November 12, 2014, the district court held Miller's sentencing hearing. At the beginning of the hearing, the parties alerted the court to a mistake in the PSR's cocaine accounting—the 4.469 kilograms referenced in the PSR was the *gross* weight of the packages seized from Miller upon arrest, whereas the laboratory analysis actually reported that the *net* weight of cocaine in the packages was only 3.499 kilograms. The parties (and probation) agreed that the lower, net cocaine quantity was appropriate for purposes of calculating the Guidelines and that this new quantity reduced Miller's total offense level to 23. The parties further agreed that this, in turn, reduced the applicable Guidelines range to 84–105 months' imprisonment. The district court explicitly adopted on the record the revised Guidelines range of 84–105 months as "unopposed by either side" and as supported by the reduced cocaine quantity.

---

[1] The PSR reflects that Miller also had 22.5 grams of marijuana and two bottles of a cutting agent in his possession at the time of his arrest. These substances are not at issue here.

2

No. 14-31297

After adopting the revised range, the district court made a number of statements in reference to the sentence it contemplated for Miller. For example, the court informed Miller that what was driving the sentence he was facing, other than the amount of cocaine that was adjusted to his benefit, was his extensive recidivism with drug offenses. To that end, the court outlined all of the prior drug offenses to which Miller pleaded guilty in state court before noting that, after each conviction, "his adjustment to supervision was poor." Referencing the 18 U.S.C. § 3553(a) factors, the court returned to Miller's recidivism and discussed how his "repetitive involvement in drug activities" aggravated his acceptance of responsibility, detracted from his ability to support his children, and showed a "sense of irresponsibility" and a lack of respect for the law.

After making all of these statements, the district court stated that it was "ready to proceed with sentencing." Just before imposing a 120-month sentence, the court pronounced:

> As indicated earlier, this is the defendant's fourth conviction. This particular conviction is his first federal conviction for possession with intent to distribute a quantity of cocaine hydrochloride. The prior drug related convictions have already been documented and referenced in this hearing and in the report that we have here today.
>
> In this situation, the Court is mindful again of Section 3553(a), considered all the factors there and finds [] this sentence to be a reasonable sentence, hopefully, to meet all of the factors, particularly those factors related to safety of the public, promoting respect for the law, avoiding recidivist behavior and considering the defendant's personal history characteristics as well as the criminal history conduct as already noted.

Miller did not object.

On December 8, 2014, almost one month after sentencing, the district court entered its Statement of Reasons ("SOR"). The SOR contained a number

3

No. 14-31297

of inaccuracies—it erroneously indicated that the court had adopted the PSR without change at sentencing; it incorrectly listed Miller's offense level as 25 and the Guidelines range as 100–125 months' imprisonment; and it wrongly indicated that the 120-month sentence was within-Guidelines. The SOR also unexplainably left blank a section dedicated to explaining the court's reasons for imposing a non-Guidelines sentence.

Miller timely appealed.

## STANDARD OF REVIEW

In light of his failure to object, Miller concedes that our review is for plain error. *See, e.g.*, *United States v. Stanford*, 805 F.3d 557, 566 (5th Cir. 2015) (noting that unpreserved errors are reviewed for plain error). To demonstrate plain error, Miller must show a clear or obvious error that affects his substantial rights. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). Even if Miller makes this showing, we retain discretion to remedy the error, which we exercise only if the "error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration and quotation marks omitted).

## DISCUSSION

Miller's sole appellate argument is that the district court mistakenly imposed his 120-month sentence using the original, erroneous Guidelines range of 100–125 months despite earlier adopting on the record the revised Guidelines range of 84–105 months. That said, Miller's argument is not a model for clarity. He cites cases such as *Gall v. United States*, 552 U.S. 38 (2007), not to argue that the district court's failure to assign reasons for the above-Guidelines sentence was plain error in and of itself, but rather to argue that "[t]he court's silence about a departure or variance . . . demonstrates its mistaken reliance on the original, uncorrected range when fashioning the 10-

No. 14-31297

year sentence." Similarly, he cites the inaccuracies in the SOR only as indicators of the district court's mistaken belief that the 100–125 months range governed and that the 120-month sentence was within-Guidelines; notably, he does not argue that any incongruity between the court's oral sentencing pronouncement and the SOR, alone, is reversible plain error. *See, e.g.*, *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam) ("In this circuit, it is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." (quoting *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991)). On this record, Miller has shown that the district court plainly erred by sentencing him based on an erroneous Guidelines range.

Miller has shown a clear and obvious error. It is undisputed that the district court adopted at sentencing the revised Guidelines range of 84–105 months and subsequently sentenced Miller to 120 months, *i.e.*, the court imposed a sentence 15 months above the top end of the correct Guidelines range but within the original, erroneous range of 100–125 months. The court did not orally comment that it was imposing an upward variance from the correct range or explain its reasons for doing so.[2] *See, e.g.*, *United States v. Fraga*, 704 F.3d 432, 438–39 (5th Cir. 2013) ("The Supreme Court has

---

[2] In its brief and at oral argument, the Government zealously pressed the notion that district courts are not required to use "magic words" or specific terminology when imposing an above-Guidelines sentence. We agree. *See Fraga*, 704 F.3d at 438–39 ("[W]e have previously explained that when imposing a non-Guidelines sentence, the district court need not engage in robotic incantations that each statutory factor has been considered." (citation and internal quotation marks omitted)); *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011) ("[N]o specific magic words are necessary to render a sentence reasonable." (citation and quotation marks omitted)); *United States v. Moton*, 226 F. App'x 936, 938 (11th Cir. 2007) (per curiam) ("We have never held that the term 'variance' is a magic word that district courts must utter during sentence hearings."). However, this overarching principle does not excuse a sentencing court from its primary obligation to explain its reasons for imposing an above-Guidelines sentence, which, minimally, would include acknowledging whether the sentence imposed is in fact within or above the Guidelines range.

explained that a sentencing judge commits procedural error when []he 'fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" (second alteration in original) (quoting *Gall*, 552 U.S. at 51)).  True enough, as the Government argues, the court did explain why a number of factors related to Miller's recidivism justified a lengthy prison sentence; however, after reducing the Guidelines range to 84–105 months based on the late-breaking cocaine reduction, the court did not acknowledge that the 120-month sentence ultimately imposed was an above-Guidelines sentence, *see United States v. Nelson*, 591 F. App'x 37, 38 (2d Cir. 2015) ("To be sure, the district court provided ample justification for imposing a sentence with a lengthy term of incarceration.  But the court did not acknowledge that it was imposing an above-guidelines sentence, so it therefore could not have satisfied its obligation to explain its reasons for doing so."), *cert. denied*, 136 S. Ct. 237 (2015); it did not "explain on the record why the range would not serve the goals listed in Section 3553(a)," *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010); and it did not "discuss whether the sentence imposed was within the recommended range," *United States v. Phillips*, 415 F. App'x 557, 559 (5th Cir. 2011) (per curiam).  These sentencing omissions plausibly support the error Miller emphasizes, *i.e.*, the court did not intend to impose an above-Guidelines sentence and instead sentenced Miller to 120 months because it erroneously fashioned the sentence using the original 100–125 months range.

The inaccuracies in the SOR reflect the same error.  As briefly mentioned *supra*, the SOR indicated that the court had adopted the PSR without change; listed the Guidelines range as 100–125 months; noted that the court did not depart or vary from the Guidelines in imposing a 120-month sentence; and left blank portions dedicated to explaining an above-Guidelines sentence.  Of course, each of these notations is inconsistent with the sentence Miller actually

received—the district court did not adopt the PSR without change, instead reducing the amount of cocaine attributable to Miller and decreasing the corresponding Guidelines range to 84–105 months; and the 120-month sentence was 15-months above the revised range, which necessarily required an explanation in the SOR. These inaccuracies amplify the voids in the district court's oral pronouncement and buttress Miller's argument that the court mistakenly fashioned his sentence using the erroneous 100–125 months range. *Cf. Phillips*, 415 F. App'x at 559 (plain error where the district court failed to explain an upward departure in open court and failed to sufficiently remedy the explanation in the SOR); *see also United States v. Gore*, 298 F.3d 322, 325–26 (5th Cir. 2006) (no plain error where the district court failed to provide reasons for an upward departure in open court but explained its reasons for departing in the written SOR).

In sum, Miller has shown that the district court relied on an erroneous Guidelines range in imposing his sentence. Nothing in the district court's oral pronouncement or in the written record indicates that the court intended to impose a sentence above the applicable Guidelines range of 84–105 months, which was hastily presented by the parties and adopted by the court at sentencing; rather, on balance, the ambiguous circumstances at sentencing suggest that the court fashioned Miller's 120-month sentence using the original, erroneous 100–125 months range. This was clear and obvious error. *See, e.g.*, *Gall*, 552 U.S. at 51.

Miller has also shown that this error affected his substantial rights. A defendant may satisfy the third prong of plain error review by showing "a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). More specifically, "in cases where the correct and incorrect Guidelines ranges overlap, but the court imposes a sentence significantly above the top-

end of the correct Guidelines range, the imposed sentence affects the defendant's substantial rights 'where it is not apparent from the record that [the defendant] would have received an above-Guidelines sentence.'" *United States v. Hernandez*, 690 F.3d 613, 621 (5th Cir. 2012) (alteration in original) (quoting *United States v. Mudekunye*, 646 F.3d 281, 290 (5th Cir. 2011) (per curiam)).  We are cognizant of the Supreme Court's recent instruction that only in rare cases will a Guidelines error of this magnitude have no impact on a defendant's substantial rights— "in the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder.  Absent unusual circumstances, he will not be required to show more." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016).

Here, the original  (100–125 months) and revised (84–105 months) Guidelines ranges overlap by five months, and the district court imposed a sentence fifteen months higher than the top-end of the revised range.  We have previously held that similar disparities affected a defendant's substantial rights.  *See Hernandez*, 690 F.3d at 621 (ranges overlapped by eleven months "and the district court imposed a sentence [twelve] months higher than the top-end of the correct Guidelines range"); *Mudekunye*, 646 F.3d at 290 (ranges overlapped by one month and the district court imposed a sentence nineteen months above the correct range); *United States v. Carrizales-Jaramillo*, 303 F. App'x 215, 217 (5th Cir. 2008) (one month overlap and defendant's sentence exceeded the top end of the corrected range by one month).  Notwithstanding its reliance on the now-obviated "additional evidence" test, *see Molina-Martinez*, 136 S. Ct. at 1346–47, the Government essentially argues that Miller cannot show prejudice because the district court's oral pronouncement shows that he would have received the same above-guidelines sentence based on his recidivism.  *See id.* at 1347 ("The Government remains free to point to parts of

8

the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make. Where, however, the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." (internal quotation marks, alteration, and citation omitted)). The Government's reading of the sentencing transcript in support of this argument is plausible. However, "in . . . cases in which we have held that the court's statements eliminate any reasonable probability of a lesser sentence," we have generally required more than a plausible reading of the sentencing colloquy; rather, "the sentencing court stated explicitly and unequivocally that the imposed sentence was the correct sentence regardless of the applicable Guideline ranges." *Mudekunye*, 646 F.3d at 290 (citing, *inter alia*, *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (finding no reasonable probability of a different sentence despite an erroneous enhancement where the district court stated, "I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event")). That is not the case here. As discussed *supra*, the court explained why Miller's recidivism motivated the sentencing determination, but nothing explicitly and unequivocally indicates that the court would have imposed the same sentence as a fifteen-month variance or otherwise irrespective of the Guidelines range. Miller has thus shown that the court's error affected his substantial rights.

Finally, Miller has shown that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings. A "substantial disparity between the imposed sentence and the applicable Guideline range warrants the exercise of our discretion to correct the error." *Mudekunye*, 646 F.3d at 291. Miller's sentence was fifteen months above the

top end of the revised Guidelines range.  We have vacated sentences involving errors of a similar scale.  *See, e.g.*, *United States v. Santacruz-Hernandez*, No. 15-40260, ___ F. App'x ___, ___, 2016 WL 2909165, at *2 (5th Cir. May 18, 2016) (vacating on plain error review a sentence two months above the top end of the correct Guidelines range); *Mudekunye*, 646 F.3d at 290 (same; nineteen month disparity); *United States v. John*, 597 F.3d 263, 286–87 (5th Cir. 2010) (same; twenty-one month disparity); *United States v. Price*, 516 F.3d 285, 290 (5th Cir. 2008) (same; eighteen month disparity); *Carrizales-Jaramillo*, 303 F. App'x at 217 (same; one-month disparity).  We see no reason to do otherwise in this case.  Accordingly, we exercise our discretion to remedy the error with resentencing.

## CONCLUSION

For the reasons considered above, we VACATE Miller's sentence and REMAND for resentencing.