# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11743

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERICK ROLANDO GARZA-CASTANEDA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-137-1

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Erick Rolando Garza-Castaneda appeals the district court's application of a ten-level enhancement under U.S.S.G. §2 L1.2 to his sentence for illegal reentry into the United States after prior removal. We conclude that the district court committed plain error in applying the enhancement. Accordingly, we VACATE the erroneous sentence and we REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11743

## FACTS AND PROCEDURAL HISTORY

In 2016, Erick Rolando Garza-Castaneda (Garza) pleaded guilty to illegal reentry into the United States after a prior removal in violation of 8 U.S.C. § 1326(a) and (b)(2).  The probation officer prepared a presentence report (PSR) using the 2015 Sentencing Guidelines manual, but later amended the PSR to reflect the November 1, 2016, version of U.S.S.G. § 2L1.2.  The 2016 amended text of the applicable subsection of § 2L1.2 directed courts to apply graduated enhancements of two to ten offense levels based on the sentence imposed for convictions sustained "before the defendant was ordered deported or ordered removed from the United States for the first time."  U.S.S.G. § 2L1.2(b)(2)(A)-(E).[1]  The amended guideline also directed courts to impose graduated enhancements of two to ten offense levels for criminal conduct engaged in after the defendant was removed.  U.S.S.G. § 2L1.2(b)(3).

---

[1] Section 2L1.2 states in relevant part:

> If, before the defendant was ordered de-ported or ordered removed from the United States for the first time, the defendant sustained—
>
> (A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more, increase by 10 levels;
> (B) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more, increase by 8 levels;
> (C) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed exceeded one year and one month, increase by 6 levels;
> (D) a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels; or
> (E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 2 levels.

U.S.S.G. § 2L1.2(b)(2).

No. 16-11743

The PSR assigned Garza a base offense level of eight and increased his offense by ten levels under U.S.S.G. § 2L1.2(b)(2)(A).  The ten-level enhancement was based on Garza's March 19, 2007, guilty plea to aggravated robbery with a deadly weapon for which he received a sentence of ten years deferred adjudication probation.  Garza was removed to Mexico on November 15, 2007.  Garza was arrested on January 13, 2008, for unlawful possession of a controlled substance and evading arrest.  He pleaded guilty on April 4, 2008.  On that same date, Garza's deferred adjudication probation for the robbery conviction was revoked and he was sentenced to five years of imprisonment.

The PSR also increased Garza's offense level by four levels under § 2L1.2(b)(3)(D) based on his 2008 conviction for unlawful possession of a controlled substance.  The PSR reduced Garza's offense level by three levels for acceptance of responsibility.  Garza's total offense level of 19 combined with his criminal history category of II resulted in an advisory guidelines range of 37 to 46 months of imprisonment.  Garza did not object to the total offense level calculation.

The district court adopted the PSR, but sentenced Garza below the guidelines range to 36 months of imprisonment.  Garza did not object to the sentence, but timely filed a notice of appeal.

## DISCUSSION

On appeal, Garza asserts that the district court erred in applying the ten-level enhancement under U.S.S.G. § 2L1.2(b)(2)(A).  Because Garza did not object, we review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To establish plain error, Garza must show an error that is clear and obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  "Once these three conditions have been met, the court of appeals should exercise its discretion to

correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, –—— U.S. ——, 136 S.Ct. 1338, 1343, 194 L.Ed.2d 444 (2016) (internal marks and citations omitted).

With regard to the fourth prong, "whether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case." *United States v. Hernandez*, 690 F.3d 613, 622 (2012); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012). While application of the fourth prong is not automatic when the other three prongs are met, we have exercised our discretion to correct the error in the event of a substantial disparity between the imposed sentence and the applicable guidelines range. *United States v. Zuniga*, 860 F.3d 276, 277 (5th Cir. 2017).

Garza asserts that the term "sentence imposed" in the new version of § 2L1.2(b)(2) does not include prison time imposed upon revocation after a prior removal and that his post-removal revocation prison time should have been disregarded. Garza argues that, as a result, he should have been subject only to the four-level enhancement in § 2L1.2(b)(2)(D). Garza cites *United States v. Bustillos-Pena*, 612 F.3d 863, 865-69 (5th Cir. 2010) as further support.

During the pendency of this appeal, this court issued a decision in the factually similar case of *United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017), which interpreted the new § 2L1.2 text and commentary. In *Franco-Galvan*, this court concluded that the 2016 revisions to § 2L1.2 did not affect the reasoning of *Bustillos-Pena*, saying: "it remains the case that the contribution of a conviction sustained prior to the deportation order to the seriousness of the illegal reentry offense is to be assessed based on the original,

pre-deportation sentence, not a sentence issued upon revocation post-deportation." *Id.* at 343.

The government concedes plain error under *Franco-Galvan*, but argues that this court should not exercise its discretion under prong four to correct the error because of Garza's criminal history. However, Garza asserts that the interest of justice merits correction of the error.

We agree that Garza has established plain error. Absent the plain error, Garza would have been subject to a correct guidelines range of 18 to 24 months which does not overlap with the incorrect range of 37 to 46 months. The top of the correct range is twelve months less than the 36-month sentence imposed. This court has exercised its discretion to correct errors in cases involving much shorter disparities. *See United States v. Guillen-Cruz*, 853 F.3d 768, 775-77 (5th Cir. 2017); *see also United States v. John*, 597 F.3d 263, 285, 289 (5th Cir. 2010); and *United States v. Santacruz-Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (unpublished). Further, the district court did not state that it would impose a 36-month sentence regardless of the correct guidelines range.

After considering the applicable law and the facts involving Garza's criminal history, we conclude that there is no basis for affirming the erroneous sentence. Garza's criminal history is properly accounted for in his criminal history points, as opposed to somehow being used to increase the seriousness of his offense of reentry.

For these reasons, we VACATE Garza's sentence and REMAND for resentencing.

No. 16-11743

EDITH H. JONES, Circuit Judge, dissenting:

With due respect to my colleagues, I dissent from awarding relief on plain error in this case. The panel continues down our court's path of collapsing plain error, *i.e.*, error that was never argued to the district court, with preserved error that it is our duty to correct. The Federal Public Defender office continues on its path of crafting after-the-fact arguments for the first time on appeal. On the one hand, the FPD benefitted from delay on appeal, because a panel of our court decided the case in 2017 that created the "plain" legal error from which their defendant benefits. On the other hand, had the FPD presented this argument to the district court in the first instance, and succeeded, Garza might have already been out of prison; the US Attorney rarely appeals sentencing decisions.

As it stands, Garza is due to be released from his 36-month sentence in November 2018. The panel's grant of relief on plain error does not mean that he will be immediately released (because he has already served longer than the revised within-guidelines calculation would have provided), but only that he must appear in the district court for resentencing in light of the new found error. Arranging and scheduling the new hearing and his transportation to court will necessarily consume at least a month, together with the possibility of further delay from a revised PSR. In sum, Garza may get a couple months fewer in prison while the courts, FPD, and the United States spend days and weeks in the quixotic quest for the "perfect" guidelines sentence.

Cui bono? The fourth prong of plain error review asks whether failure to correct an "erroneous" sentence would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). Some clearly believe that a single extra day spent "erroneously" in federal prison is enough to satisfy this standard. My panel colleagues, not going so far, say only that a one year

6

disparity between the two guidelines ranges is sufficient to invoke this prong. Maybe in a few isolated cases this would be accurate, but simply citing prior Fifth Circuit cases does not, in my view, satisfy the fact-specific nature of the inquiry we ought to be making in these cases.

The balance in this case should have been struck against granting relief. To begin, it isn't damaging to the courts' reputation that the FPD utterly failed to raise the now-decisive issues in the district court. *See United States v. Chavez-Hernandez*, 671 F.3d 494,497 (5th Cir. 2012) ("The purpose of plain error review is to instill in litigators the importance of preparing adequately before appearing in the trial court and, as necessary, clarifying issues to that court."). That court was sandbagged procedurally and will be imposed on by a new sentencing hearing. It isn't the courts' reputation that should suffer when a defense counsel undermines orderly procedures concerning preserved error and the give and take among the Probation Office, which prepares the PSR, the US Attorney's office, and the defense counsel. In a very busy federal criminal justice system, these procedures are essential to efficiency and justice and should only be overcome for the very best of reasons.

On the other side of the ledger here stands the couple of months' practical benefit to this defendant from potential shorter imprisonment not far from Dallas where his family resides. He should be shortly thereafter deported to Mexico, of course, much farther from immediate family. His criminal record, moreover, began at age 15 and includes drug offenses, aggravated robbery with a deadly weapon while on probation, and five years already spent in the TDCJ (although he is now only 31 years old), and does not generate sympathy or a feeling of general injustice. He was arrested in this case for illegal reentry while in possession of a taser and alias identification. Yet the actual sentence rendered here was 36 months, one month less than what the district court and

parties agreed was the correct guidelines range, and thus already embodied the trial court's ameliorative discretion. Garza additionally has no verified employment record, lived at home with his parents, and refused to discuss with the Probation Office any history of drug abuse.

Looking at this case and this defendant, in sum, I do not believe the courts' reputation would have been adversely affected by our refusing to grant relief on the fourth prong of plain error review. To the contrary, a denial of relief would effectuate the policy underlying this court's plain error jurisprudence.