# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11449

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

V.

MARCO ANTONIO SANTILLAN-MOLINA,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-252-1

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Santillan-Molina pleaded guilty to illegal reentry into the United States under 8 U.S.C. § 1326(a) and was sentenced to 41 months of imprisonment. He appeals, arguing for the first time that the district court applied the wrong sentencing guidelines. We VACATE Santillan-Molina's sentence and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11449

**I**

Marco Antonio Santillan-Molina, an alien and a citizen of Mexico, was found in the United States on October 25, 2014, after having been deported and removed from the United States. Santillan-Molina pleaded guilty to illegal reentry into the United States under 8 U.S.C. § 1326(a). A probation officer prepared a presentence report (PSR). At sentencing, the district court adopted the PSR in its entirety. Santillan-Molina's total offense level of 13 and criminal history category of VI resulted in a guideline imprisonment range of 33 to 41 months.

Santillan-Molina argued for a downward variation from the guidelines based on his time served in state custody on a four-year sentence for felony driving while intoxicated (DWI). The Government argued for a top-of-guidelines sentence based on the defendant's history with alcohol and because "[b]asically every year that [Santillan-Molina] has not been in prison, he's had a DWI."

The district court noted its ability to depart from the guidelines range, either upward or downward. The court indicated that it considered all factors in 18 U.S.C. § 3353. The court then focused on "the key [factor]" of the safety of the community. The district court recounted Santillan-Molina's "pretty serious criminal history." The court further described Santillan-Molina as "a ticking time bomb . . . driving through the streets." It imposed the maximum sentence under the guidelines of 41-months of imprisonment. Santillan-Molina now appeals.

**II**

The probation officer that prepared the PSR used the 2016 Sentencing Guidelines, rather than the 2013 Sentencing Guidelines, even though the date of the commission of the offense was October 25, 2014, because sentencing occurred on November 30, 2017. The Guidelines instruct courts to "use the

No. 17-11449

Guidelines Manual in effect on the date that the defendant is sentenced."[1] However, if using those Guidelines "would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed."[2] The Ex Post Facto Clause generally prohibits the retroactive application of the sentencing guidelines if it results in a more onerous penalty.[3] The 2013 Guidelines Manual was in effect on October 24, 2014. A comparison of the two manuals shows that the 2016 Guidelines Manual resulted in a more onerous penalty.

The differences between the 2013 and 2016 Guidelines create two discrepancies in this case. Under both versions of the guidelines, the base offense level is 8 for a violation of 8 U.S.C. § 1326(a).[4] The district court enhanced Santillan-Molina's sentence by 8 levels pursuant to § 2L1.2(b)(3)(B) (2016) based on felony convictions for which he received sentences of two years or more—all for driving while intoxicated—after he was first removed to Mexico. The adjusted offense level was 16. The 2013 guidelines do not distinguish between such felonies by length of the sentence.[5] Had the district court applied the 2013 Guidelines, Santillan-Molina would have received a 4-level enhancement under §2L1.2(b)(1)(D).[6] Accordingly, under the 2013 guidelines, the adjusted offense level would have been only 12.

Santillan-Molina would have received a different reduction for acceptance of responsibility under the 2013 Guidelines. The district court

---

[1] USSG §1B1.11(a) (2016).

[2] USSG §1B1.11(b) (2016).

[3] *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("The [*Ex Post Facto*] clause generally prohibits the retroactive application of the sentencing guidelines if it results in a more onerous penalty.") (citing *Miller v. Florida*, 482 U.S. 423, 431-33 (1987)).

[4] *Compare* USSG §2L1.2(a) (2013), *with* USSG §2L1.2(a) (2016).

[5] USSG §2L1.2(b) (2013).

[6] *See* USSG §2L1.2(b)(1)(D) (2013).

3

No. 17-11449

applied a 2-level reduction for acceptance of responsibility under §3E1.1(a).[7]
The district court also credited an additional 1-level reduction under §3E1.1(b)
for assisting authorities by timely notifying the Government of his intent to
enter a guilty plea.[8]  With these credits, the total offense level under the 2016
Guidelines was 13.  Under the 2013 Guidelines, Santillan-Molina would have
also received the 2-level credit for acceptance of responsibility under
§3E1.1(a).[9]  However, the credit for assisting authorities under §3E1.1(b) is
only available if the base offense level is 16 or greater.  Accordingly, under the
2013 Guidelines, Santillan-Molina would have been entitled to a 2-level
reduction, bringing the total offense level to 10.

Santillan-Molina did not object to the use of the 2016 Guidelines or his
resulting sentence, so our review is for plain error.[10]  Plain-error review
encompasses four prongs: (1) there was an error; (2) the error was clear or
obvious; (3) the error affected substantial rights; and (4) if the first three
prongs are satisfied, the court has discretion to remedy the error if it "seriously
affect[s] the fairness, integrity or public reputation of judicial proceedings."[11]
The Government concedes that there was error, the error was clear or obvious,
and the error affected his substantial rights.  The only question before this
court is whether it should exercise its discretion to correct this error.

Under the 2016 Guidelines, with a total offense level of 13 and criminal
history category VI, the sentencing range was 33 to 41 months.  Under the

---

[7] USSG §3E1.1(a) (2016).

[8] USSG §3E1.1(b) (2016).

[9] *See* USSG §3E1.1(a) (2013).

[10] *See* FED. R. CRIM. P. 52(b).  Santillan-Molina's attorney objected "to the sentence as procedurally and substantively unreasonable."  However, he did not identify any basis for the objection. *See* FED. R. CRIM. P. 51(b) ("A party may preserve a claim of error by informing the court . . . the grounds for that objection.").

[11] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original).

No. 17-11449

2013 Guidelines, with a total offense level of 10 and the same criminal history category VI, the sentencing range would have been 24 to 30 months.[12] Santillan-Molina has established that the district court erred, and both parties agree that the error was clear.

As noted, the parties agree that the third prong is satisfied because the error affected Santillan-Molina's substantial rights. "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's error, he would have received a lesser sentence."[13] "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."[14]

The fourth prong of plain-error review is not "automatic if the other three prongs are met."[15] We exercise our discretion under the fourth prong if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[16]  Generally, an incorrect application of the Sentencing Guidelines seriously affects the fairness, integrity, or public reputation of judicial proceedings.[17]  We also consider the particular facts of the case[18] and the degree of the error in determining whether to exercise our discretion.[19]

---

[12] USSG Sentencing Table (2013).

[13] *United States v. Sanchez-Arvizu*, 893 F.3d 312, 315-16 (5th Cir. 2018) (quoting *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015)).

[14] *Id.* at 316 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016)).

[15] *United States v. Escalante–Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc).

[16] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)) (alteration in original).

[17] *See United States v. Alarcon*, 261 F.3d 416, 424 (5th Cir. 2001).

[18] *See United States v. Martinez–Rodriguez*, 821 F.3d 659, 666 (5th Cir. 2016)

[19] *See United States v. Guillen–Cruz*, 853 F.3d 768, 775-76 (5th Cir. 2017) (collecting cases and holding a sentence disparity of 8 months was reversible plain error); *United States v. Santacruz–Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (per curiam) (unpublished) (holding a sentence disparity of 2 months was reversible plain error); *United States v. Price*,

No. 17-11449

The Supreme Court has said "[a] plain Guidelines error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)."[20]   In *Rosales-Mireles*, an error in the calculation of the prisoner's criminal history caused the district court to consider an incorrect Guidelines range of 77 to 96 months instead of the correct range of 70 to 87 months.[21] "[A]n error resulting in a higher range than the Guidelines provide usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than 'necessary' to fulfill the purposes of the incarceration."[22]

The district court in the present case focused its sentence on the guidelines range and imposed the maximum sentence under the guidelines of 41-months of imprisonment.  It stated, "the only appropriate sentence here is at the high end of the guideline range."  It credited Santillan-Molina for the "four years that [he] served on a DWI, which is another reason why [it] wouldn't go above the guideline range."  The error in the guidelines calculation infected the sentencing proceeding.  This case falls within the general instructions in *Rosales-Mireles*.  The degree of the error is also significant: the maximum Guidelines sentence under the 2013 Guidelines is 11 months shorter than the sentence the district court imposed.  Those 11 months—one quarter of his sentence—are significant to Santillan-Molina and for "society which bears the direct and indirect costs of incarceration".[23]

---

516 F.3d 285, 289-90 (5th Cir. 2008) (holding a sentence disparity of 18 months was reversible plain error).

[20] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906-07 (2018).

[21] *Id.* at 1905.

[22] *Id.* at 1907 (quoting 18 U.S.C. § 3553(a)).

[23] *Id.* (quoting *United States v. Jenkins*, 854 F.3d 181, 192 (2d Cir. 2017)).

No. 17-11449

We note that the Supreme Court cautioned that "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction."[24] The Government argues that this is such a case. It points to Santillan-Molina's "unbridled recidivism" as justification for allowing the plain error to stand. The district court was certainly concerned about Santillan-Molina's "pretty serious criminal history" and even called him a "ticking time bomb." However, it is clear that the sentence imposed was chosen with reference to the 2016 Guidelines range, therefore, "there is a reasonable probability that, without correction of the Guidelines error, [the defendant] will spend more time in prison than the District Court otherwise would have considered necessary."[25] Accordingly, the fairness, integrity, and public reputation of the proceedings are seriously affected.

\*   \*   \*

For the foregoing reasons, we VACATE Santillan-Molina's sentence and REMAND for resentencing.

---

[24] *Id.* at 1909.
[25] *Id.*

7